KNIGHT *v.* MICHIGAN FEMALE SEMINARY.

COLLEGES — PROPERTY — SALE TO PAY DEBTS — AUTHORITY OF TRUSTEES.

Where a seminary, incorporated under chapter 218, 2 Comp. Laws, has become insolvent, and can no longer carry on its school for want of funds, its trustees have authority to sell its property for the purpose of paying its debts, though such authority is not expressly granted by the statute under which it is incorporated.

Appeal from Kalamazoo; Adams, J. Submitted April 14, 1908. (Docket No. 65.) Decided May 1, 1908.

Bill by John J. Knight against the Michigan Female Seminary to enjoin the confirmation of a sale of its corporate assets. From a decree sustaining a demurrer to the bill, complainant appeals. Affirmed.

*Osborn & Mills*, for complainant.

*George V. Weimer*, for defendant.

The following statement is taken almost verbatim from the brief of complainant's counsel:

"The defendant is a corporation incorporated under

the provisions of chapter 218 of the Compiled Laws of 1897, entitled 'An act to provide for the incorporation of institutions of learning.' It has until recently maintained and carried on a female seminary at the city of Kalamazoo which has been undenominational in its work, but under the patronage and direction of the Presbyterian synod of this State. Its property, consisting mostly of real estate, and being the seminary buildings and offices with the furniture and fixtures therein and about thirty acres of land, all situated within the corporate limits of the city of Kalamazoo, was provided by funds which were donated to it for the purposes of its incorporation. The corporation has become insolvent and owes debts in excess of $25,000 [nearly $14,000 of this indebtedness is secured by a valid mortgage upon the real estate of defendant above described], which it cannot pay, nor can it longer carry on its seminary for want of funds. The trustees adopted a resolution which directs the sale of all its property, and pursuant thereto the whole of its property was offered for sale at public auction and sold to Mr. O. M. Allen on his bid of $25,000. No conveyance has, however, been executed and delivered to him, nor has the purchase money been paid. It is not urged that the price bid is inadequate. The bill of complaint was filed by Mr. Knight who is a member of the board of trustees, and prays a perpetual injunction restraining the confirmation of the sale upon the ground that the trustees have no authority to make such a disposition of the property and cannot give good title to the purchaser and that the affairs of the corporation should be wound up and its assets distributed under the direction of a court of competent jurisdiction. The defendant interposed a demurrer to the bill of complaint which was sustained and a decree entered dismissing the bill."

CARPENTER, J. (after stating the facts). The question presented is this: Have the trustees of the defendant corporation authority to sell its property for the purpose of paying its debts? The act under which it is incorporated (chapter 218, 2 Comp. Laws) does not expressly grant that authority. Neither does it prohibit its exercise. The only authority expressly granted is this:

" To sell, mortgage, let or otherwise use and dispose of

such property for the benefit of such academy." 2 Comp. Laws, § 8144, subd. 2.

Complainant says this language does not grant authority to sell for the purpose of paying debts, and he invokes this rule:

"The enumeration of powers in the charter of a corporation or in the act under which it is incorporated implies the exclusion of all other powers not enumerated."

We deem this rule inapplicable. Under other statutes of this State, familiar alike to the legal profession and to laymen, the first claim upon the property of defendant, legally speaking, was that of its creditors. Under the facts stated in complainant's bill, these claims would exhaust all of such property. Nor was there any occasion to postpone the devotion of the property to the payment of the claims of creditors, for, confessedly, it had ceased to be possible to use it for the purpose of a seminary—the purpose for which the fund was created. Under these circumstances, the creditors had a right to have this property applied to the payment of their claims. The laws of this State gave them that right. It is impossible to say that the creditors had a right to have this property applied in payment of their debts and that the owner of the property had no right to so apply it. This right of the creditors by necessary implication imposed a duty upon the corporation and upon its trustees to sell the property and pay said debts. The rule invoked by complainant might apply if the authority in question were not granted by some other law. Here it is granted by another law. This conclusion is supported by authority. *De Ruyter* v. *St. Peter's Church*, 3 Bar. Ch. (N. Y.) 119, 3 N. Y. 238; *People* v. *Trustees of California College*, 38 Cal. 166.

The decree is affirmed.

GRANT, C. J., and BLAIR, MONTGOMERY, and HOOKER, JJ., concurred.